APR - 4 1990

DOCKET NO. 828

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE LITIGATION INVOLVING ALLEGED LOSS OF CARGO FROM TUG ATLANTIC SEAHORSE, "SEA BARGE 101," BETWEEN PUERTO RICO AND FLORIDA IN DECEMBER 1988

American International Insurance Co. of Puerto Rico v. Tug Atlantic Sea Horse, et al., D. Puerto Rico, C.A. No. 89-01107 (JAF)

American International Underwriters f/u/b/o Revlon (P.R.), Inc. v. A.I.M. Caribbean Express, Inc., S.D. Florida, C.A. No. 89-1845-Civ.-Kehoe

ORDER DENYING TRANSFER

This litigation consists of two actions pending in two federal districts: one action each in the District of Puerto Rico and Southern District of Florida. Before the Panel is a motion by A.I.M. Carribean Express, Inc. to transfer the Puerto Rico action to the Southern District of Florida for coordinated or consolidated pretrial proceedings with the action pending there. One defendant supports the motion. The Puerto Rico plaintiff opposes the motion; alternatively, it suggests centralization in the Puerto Rico forum.

On the basis of the papers filed,[1/] we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Given the minimal number of actions before us, movant has failed to persuade us that any common questions of fact are sufficiently complex, and that the accompanying discovery will be so time-consuming, to justify Section 1407 transfer. See In re Scotch Whiskey Antitrust Litigation, 299 F.Supp. 543, 544 (J.P.M.L. 1969). We point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985).

IT IS THEREFORE ORDERED that the motion for transfer embracing the above-captioned actions pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

[1/] The parties waived oral argument and accordingly the question of transfer of these actions was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).



DOCKET NO. 828

JUN 26 1990

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE LITIGATION INVOLVING ALLEGED LOSS OF CARGO FROM TUG ATLANTIC SEAHORSE, "SEA BARGE 101," BETWEEN PUERTO RICO AND FLORIDA IN DECEMBER 1988

ORDER

This litigation consists of two actions pending in two federal districts: one action each in the District of Puerto Rico and Southern District of Florida.[1/] Now before the Panel is a motion by A.I.M. Carribean Express, Inc. (AIM Caribbean) for reconsideration of the Panel's order denying Section 1407 transfer in this docket on April 4, 1990.

On the basis of the papers filed,[2/] we are persuaded that AIM Carribean's motion for reconsideration should be granted.

Upon further reflection, we are also persuaded that the actions in this litigation involve common questions of fact concerning the alleged loss of cargo from a container ship, during rough seas, on a voyage from Puerto Rico to Florida and that Section 1407 proceedings in the District of Puerto Rico will best serve the convenience of most parties and witnesses. Centralization under Section 1407 is desirable in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In selecting the District of Puerto Rico as the transferee forum, we note that, in addition to the one Puerto Rico action now before the Panel, another potentially related action is pending in the Puerto Rico court. We also note that, at the original hearing in this matter, the only party opposing Section 1407 transfer in this litigation alternatively suggested centralization in the Puerto Rico forum.

IT IS THEREFORE ORDERED that AIM Carribean's motion for reconsideration is GRANTED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Southern District of Florida be, and the same hereby is, transferred to the District of Puerto Rico and, with consent of that court, assigned to the Honorable Jose Antonio Fuste for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

FOR THE PANEL:

Robert H. Schnacke
Judge of the Panel

---

[1/] The Panel is aware of four potentially related actions — three actions in the Southern District of Florida and one action in the District of Puerto Rico. These actions and any other related actions will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

[2/] The Panel has deemed this motion submitted on the basis of the papers filed. See Rule 16(b), R.P.J.P.M.L., id. at 261.

## SCHEDULE A

MDL-828 -- In re Litigation Involving Alleged Loss of Cargo from Tug Atlantic Seahorse, "SEA BARGE 101," between Puerto Rico and Florida in December 1988

### District of Puerto Rico

American International Insurance Co. of Puerto Rico v. Tug Atlantic Sea Horse, et al., C.A. No. 89-01107-JAF

### Southern District of Florida

American International Undewriters f/u/b/o Revlon (P.R.), Inc. v. A.I.M. Caribbean Express, Inc., C.A. No. 89-1845-CIV-KEHOE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 11 1990

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 828

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE LITIGATION INVOLVING ALLEGED LOSS OF CARGO FROM TUG ATLANTIC SEAHORSE, "SEA BARGE 101," BETWEEN PUERTO RICO AND FLORIDA IN DECEMBER 1988

CORRECTION ORDER

The transfer order and attached Schedule A filed on June 26, 1990 in the above-captioned litigation is hereby CORRECTED to reflect the proper civil action number for the following action:

American International Underwriters f/u/b/o Revlon (P.R.), Inc. v. A.I.M. Caribbean Express, Inc., S.D. Florida, C.A. No. 89-1846-KEHOE

FOR THE PANEL:

John F. Nangle
Chairman